<u>**IN THE UNITED STATES BANKRUPTCY COURT**</u>
<u>**FOR THE DISTRICT OF MARYLAND**</u>
**(Southern Division)**

| | | |
|---|---|---|
| In re: | * | |
| PLACIDO SALAZAR, *et al.*, | * | Case No. 10-10165-TJC |
| | | Chapter 13 |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| PLACIDO SALAZAR, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Adv. Proc. No. : 10-00101-TJC |
| v. | * | |
| FIRST RESIDENTIAL MORTGAGE SERVICES CORPORATION, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| FIRST RESIDENTIAL MORTGAGE SERVICES CORPORATION, | * | |
| | * | |
| Third-Party Plaintiff, | * | |
| v. | * | |
| EXCELENTE SETTLEMENTS, INC., *et al*. | * | |
| Third-Party Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**THIRD-PARTY DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S**</u>
<u>**CROSSCLAIM AGAINST EXCELENTE SETTLEMENTS, INC.**</u>

Third-Party Defendant First American Title Insurance Company ("FATIC"), by and through its attorneys Michael N. Russo, Jr., Jeffrey A. Barmach and Council, Baradel, Kosmerl & Nolan, P.A., and pursuant to Fed. R. Civ. P. 13 hereby files this Crossclaim against Third-Party Defendant Excelente Settlements, Inc. in the above-captioned matter, and states as follows:

### Adoption of Prior Pleadings

1. Third-Party Defendant First American Title Insurance Company ("FATIC") adopts by reference and incorporates herein in its entirety its Answer to the Third-Party Complaint filed in this matter on or about April 4, 2011 as if set forth fully below.

### Facts Commons to All Counts

2. On January 5, 2010, Plaintiffs Placido Salazar and Maria N. Salazar ("Plaintiffs") filed a Chapter 13 Voluntary Petition for Bankruptcy.

3. In the same proceedings, on or about February 17, 2010, Plaintiffs initiated this adversary case by filing a complaint against Defendants First Residential Mortgage Services Corporation ("First Residential") and Wells Fargo Bank, NA ("Wells Fargo"). On March 23, 2010, Plaintiffs amended the complaint to add EMC Mortgage Corporation as a defendant. Plaintiffs amended the complaint a second time on August 2, 2010, adding a claim for Objection to Claim against all Defendants.

4. The gravamen of Plaintiffs' claims is that Defendants made certain misrepresentations and/or omissions of material fact in connection with the refinance of their mortgage loan under which First Residential extended credit to Plaintiffs as reflected in a Note and obtained a secured interest in the Subject Property by a Refinance Deed of Trust. Specifically, Plaintiffs contend that First Residential and Wells Fargo violated the Truth in Lending Act by allegedly collecting excessive title insurance premiums in connection with the refinance transaction.

5.	According to Plaintiffs' allegations, Excelente Settlements, Inc. ("Excelente") acted as the settlement agent for the refinance transaction.  In connection with these services, Excelente issued a title insurance commitment number ES062006 for an Eagle Loan Policy on November 7, 2006.

6.	On November 9, 2006, FATIC issued a Maryland Closing Protection Letter to First Residential.

7.	On September 3, 2010, First Residential filed a Third-Party Complaint against Excelente and FATIC for fraud, breach of contract, indemnification, and contribution.

8.	First Residential alleges that it provided General Closing Instructions and Specific Closing Instructions to Excelente.  According to First Residential, its closing instructions required Excelente to issue an ALTA Title Policy. The closing occurred on November 20, 2006.  At that time, First Residential contends that Excelente wrongfully issued an Eagle Loan Policy to First Residential rather than an ALTA policy.

9.	First Residential further contends that Excelente was acting as the agent, servant, and/or employee of FATIC at the time of the closing and FATIC is, therefore, liable to First Residential for any alleged wrongful conduct of Excelente.

10.	FATIC contests and denies liability to First Residential.  Moreover, FATIC contends that Excelente was not acting as its agent in regards to the issuance of a title insurance policy or in conducing the closing.  However, to the extent FATIC is found by the Court to be liable for any injury caused to First Residential, such injury was the direct and proximate result of the conduct of Excelente.

### Count I

### (Indemnification)

11. FATIC hereby adopts and incorporates paragraphs 1 through 10 of the Cross-Claim as if fully set forth herein.

12. While FATIC contests the allegations in the Third-Party Complaint, to the extent that this Court determines that FATIC is found liable to First Residential, such liability was the result of acts, omissions, and wrongful conduct of Excelente and not FATIC. Accordingly, Excelente is under a common law and contractual duty to indemnify FATIC from and hold FATIC harmless against any such liability.

WHEREFORE, Third-Party Defendant First American Title Insurance Company demands a judgment in indemnification against Third-Party Defendant Excelente Settlements, Inc. for any and all costs, expenses, attorney's fees, damages and losses that First American Title Insurance Company has incurred, and may incur in the future, in connection with this matter.

### Count II

### (Contribution)

13. FATIC hereby adopts and incorporates paragraphs 1 through 10 of the Cross-Claim as if fully set forth herein.

14. While FATIC contests the allegations in the Third-Party Complaint, to the extent that this Court determines that FATIC is found liable, such liability was the result of acts, omissions, and wrongful conduct of Excelente and not FATIC. Accordingly, Excelente is under a duty of contribution to the extent of any and all liability imposed upon FATIC.

WHEREFORE, Third-Party Defendant First American Title Insurance Company demands a judgment in contribution against Third-Party Defendant Excelente Settlements, Inc. for any and all costs, expenses, attorney's fees, damages and losses that First American Title Insurance Company has incurred, and may incur in the future, in connection with this matter.

        COUNCIL, BARADEL,
        KOSMERL & NOLAN, P.A.

By:   */s/ Michael N. Russo, Jr.*
      Michael N. Russo, Jr. #07322
      Jeffrey A. Barmach #27614
      125 West Street, 4th Floor
      Post Office Box 2289
      Annapolis, Maryland 21404-2289

      Annapolis: (410) 268-6600
      Baltimore: (410) 269-6190
      Washington: (301) 261-2247

      *Attorneys for Third Party Defendant First American Title Insurance Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April 2011, a true copy of the foregoing paper was served, via e-service or first class mail, postage prepaid, on the following:

John Y. Lee
George F. Ritchie
Gordon, Feinblatt, Rothman,
Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202-3332
(410) 576-4197

*Attorneys for Third-Party Plaintiff*
*First Residential Mortgage*
*Services Corporation*

Excelente Settlements, Inc.
Steven A. Solomon
401 N. Washington Street, Suite 950
Rockville, Maryland 20850


Robert Hager
Hager Law
11403 Seneca Forest Circle
Germantown, Maryland 20876
*Attorney for Plaintiffs Placido and Maria Salazar*

Patricia Borenstein
Miles and Stockbridge
10 Light Street
Baltimore, Maryland 21202
*Attorneys for Wells Fargo Bank, as Trustee and EMC Mortgage Corporation*


                                        /*s/ Michael N. Russo, Jr.*_____
                                        Michael N. Russo, Jr.