**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| In re: | * |
| | |
| **PLACIDO SALAZAR and** | * |
| **MARIA N. SALAZAR** | **Case No.: 10-10165-TJC** |
| | * **(Chapter 13)** |
| Debtors. | |
| *   *   *   *   *   *   * | |
| | |
| **PLACIDO SALAZAR and** | * |
| **MARIA N. SALAZAR** | |
| | * |
| Plaintiffs, | |
| | * |
| v. | **Adv. Proc. No.: 10-00101-TJC** |
| | * |
| **FIRST RESIDENTIAL MORTGAGE** | |
| **SERVICES CORP., et al.** | * |
| | |
| Defendants. | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MOTION TO DISMISS COUNTS 3 THROUGH 6 OF PLAINTIFFS' THIRD
AMENDED COMPLAINT AND TO STRIKE ALL OTHER AMENDMENTS**

Defendants, Wells Fargo Bank, NA, as Trustee for Certificate Holders of Bear

Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC2

("Wells Fargo") and EMC Mortgage Corporation ("EMC") by and through their

undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15(a)

made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy

Procedure, respectfully move this Court to dismiss Counts 3 through 6 of Plaintiffs' Third

Amended Complaint for failure to state a claim upon which relief can be granted, and to

strike all other amendments to the Third Amended Complaint, and in support thereof

states as follows:

## I.      INTRODUCTION

Despite getting a third bite at the apple, Plaintiffs have once again failed to provide any basis for their claims that Wells Fargo and EMC are liable for violations of the Maryland Consumer Protection Act (Count 3), Misrepresentation (Count 4), Fraud (Count 5) or Civil Conspiracy (Count 6).   Instead of pleading specific facts to demonstrate that Wells Fargo and EMC engaged in wrongful conduct during the application process of Plaintiffs' loan, Plaintiffs instead inserted 18 pages of allegations from three securities lawsuits into their Complaint.  The new allegations have absolutely nothing to do with Plaintiffs' loan and are entirely irrelevant to the instant lawsuit.  As such, these counts must be dismissed.  Plaintiffs also added a new count for Aiding and Abetting (Count 7) and made other new allegations that Wells Fargo does not have a security interest in Plaintiffs' residence.  This Court did not give Plaintiffs permission to make these amendments and Plaintiffs failed to seek leave of court or obtain permission from the other parties in violation of Federal Rule 15(a).  Therefore, Count 7 and all other amendments must be stricken.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On or about November 20, 2006, Plaintiffs entered into a consumer credit transaction with Defendant First Residential Mortgage Services Corp. ("First Residential") to refinance the existing mortgage on their home (the "Loan").  Third Am. Compl. ¶ 9.  As collateral for extending credit, First Residential acquired a security interest on Plaintiffs' real property located at 604 Eldrid Drive, Silver Spring, Maryland (the "Property") by way of a Refinance Deed of Trust ("Deed of Trust").  *Id.* ¶ 11.

Subsequently, the note was assigned to Wells Fargo and secured by the Deed of Trust. *Id.* ¶ 6a.  Thereafter, Plaintiffs defaulted on their obligations *Id.* ¶ 6b.

According to Plaintiffs' Third Amended Complaint, First Residential violated various provisions of TILA and Regulation Z.  *Id.* ¶¶ 33-35.  Specifically, Plaintiffs contend that First Residential misreported the amount of Plaintiffs' income on the Residential Loan Application they submitted to obtain the Loan, and misrepresented the requirements for loan qualification to the Plaintiffs.  *Id.* ¶¶ 22-26.  Plaintiffs do not claim that Wells Fargo or EMC had any role in Plaintiffs' loan application or that Wells Fargo or EMC had any communications with Plaintiffs at or around the time of the loan application.  Plaintiffs seek damages from Defendants based upon alleged violations of the Maryland Consumer Protection Act, Fraud, Misrepresentation and Civil Conspiracy.[1]

Plaintiffs filed their initial Complaint on February 17, 2010.  On March 23, 2010, Plaintiffs filed their First Amended Complaint.  Defendants Wells Fargo and EMC filed a Motion to Dismiss a majority of the claims in the Complaint (including Counts 3 through 6) and after a hearing the Court granted Defendants' motions without prejudice and gave Plaintiffs 30 days to amend their Complaint.  On August 2, 2010, Plaintiffs filed their Second Amended Complaint.  Wells Fargo and EMC once again filed motions to dismiss, and on March 30, 2011 this Court once again dismissed a majority of the claims against Wells Fargo and EMC.  This Court specifically dismissed Counts 3 through 6 without prejudice and allowed Plaintiffs 14 days to amend these counts.  This Court did not permit Plaintiffs to make any other amendments.  On April 14, 2011, Plaintiffs filed a Third Amended Complaint.  In their third attempt to allege liability against Wells Fargo

---

[1] Plaintiffs' Third Amended Complaint also contains Count 7 for Aiding and Abetting.  This amendment is improper pursuant to Federal Rule of Civil Procedure 15(a) and should be stricken.  *See* Section V.

and EMC, Plaintiffs' Third Amended Complaint added 18 pages to paragraph 54A, incorporating the allegations of three lawsuits (*New Jersey Carpenters Health Fund v. Bear Stearns Mortgage Funding Trust*, 1:08-cv-08093-LTS, United States District Court for the Southern District of New York; *In Re Bear Stearns Companies ERISA Litigation*, Master File No.: 08 MDL No. 1963 (RWS), United States District Court for the Southern District of New York; and *Ambac Assurance Corporation v. EMC Mortgage Corporation*, Index No. 08 Civ. 9464 (RMB (THK), United States District Court for the Southern District of New York).  The allegations in these lawsuits, although they mention Bear Stearns and EMC, contain no allegations that Wells Fargo or EMC had any involvement with Plaintiffs' loan application.  The only specific allegations against Wells Fargo and EMC are that they "knew at the time of the subject transaction that there was a pervasive industry pattern and practice of such stated income fraud in the origination of subprime mortgage loans like Plaintiffs' loan" and that "EMC and Wells Fargo were instrumental in providing the funding that enabled First Residential to deceive Plaintiffs into believing they could afford the subject loan."  Third Am. Compl. ¶¶ 54B-54C.

## III.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted…."  Fed. R. Civ. Proc. 12(b)(6) (2009).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court clarified the pleading standard applicable under Fed. R. Civ. P. 12(b)(6).  The Court held that a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.  This

requires plaintiffs to "nudge[ ] their claims across the line from conceivable to plausible."

*Id.*

The Supreme Court elaborated on the "plausibility standard" in the recent case of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), setting forth a two-step process for courts to follow when analyzing a motion to dismiss. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, with respect to any surviving well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In defining plausibility, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Also, "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in the original). In essence, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Knowledge Boost, LLC v. SLC Calif., LLC*, No. WDQ-09-0936, 2009 WL 3379269, at *3, 5 (D. Md. Oct. 16, 2009) (dismissing case under *Twombly/Iqbal* standard).

## IV.   COUNTS 3 THROUGH 6 OF PLAINTIFFS' THIRD AMENDED COMPLAINT MUST BE DISMISSED.

### A.   Counts 3 through 6 of Plaintiffs' Third Amended Complaint are barred by Maryland's Statute of Limitations.

In Counts 3 through 6, Plaintiffs generally allege that all defendants are liable for violating the Maryland Consumer Protection Act ("MCPA") (Count 3), Fraud (Count 4),

Misrepresentation (Count 5) and Civil Conspiracy (Count 6).  These counts are based on Plaintiffs' allegations that the Defendants wrongfully induced Plaintiffs to enter into the November 2006 loan transaction by misrepresenting Plaintiffs' income.  As such, all of the alleged wrongful conduct occurred prior to the closing of Plaintiff's loan transaction on November 20, 2006.  Because Plaintiffs' initial Complaint was not filed until February 17, 2010, Plaintiffs' claims in these counts are untimely as they were not filed within three (3) years of the loan transaction.

Generally, in Maryland "[a] civil action at law shall be filed within three years from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-101.  The question of when an action accrues is a judicial one, for the court to determine and not the trier of fact. *Jones v. Sugar*, 18 Md. App. 99, 305 A.2d 219 (1973).  Plaintiffs' claims in Counts 3 through 6 stem from allegations that the Defendants wronged them at the time they entered into the loan application, which was on or before November 20, 2006.  *See* Third Am. Compl. ¶¶ 54-54C (alleging that the Defendants violated the MCPA by intentionally misstating Plaintiffs income); *Id.* ¶¶ 56-60 (alleging that Defendants are liable for fraud for misrepresenting material information regarding the mortgage transaction, including inflating Plaintiffs' income); *Id.* ¶¶ 62-67 (alleging that Defendants were liable for misrepresentation by inflating Plaintiffs' income to qualify Plaintiffs for a loan); *Id.* ¶¶ 69-71 (alleging that Defendants conspired to induce Plaintiffs into entering into the mortgage transaction).  Therefore, Plaintiffs had until November 20, 2009, at the latest, to file a lawsuit as to these causes of action.

In their Third Amended Complaint, Plaintiffs allege that they only became aware that the loan application (which Plaintiff signed) contained incorrect information when

they met with their attorney on July 9, 2009. *Id.* ¶ 24. It is clear that this allegation was included by Plaintiffs in an attempt to toll the statute of limitations by relying on Maryland's discovery rule. The discovery rule dictates that an action is deemed to accrue on the date when the plaintiff knew or, **with due diligence, reasonably should have known of the wrong**. *Doe v. Archdiocese of Wash.*, 114 Md.App. 169, 689 A.2d 634 (1997) (emphasis added); *see also Hartnett v. Schering Corp.*, 2 F.3d 90 (4th Cir. 1993). The discovery rule hinges on the concept of inquiry notice. *American General Assur. Co. v. Pappano*, 374 Md. 339, 822 A.2d 1212, 1219 (2003).

> In simple terms, a Plaintiff is only on inquiry notice, unless the statute of limitations will begin to run, when the Plaintiff has 'knowledge of circumstances which would cause a reasonable person in the position of the Plaintiff [ ] to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [tort].' In such a situation, should the Plaintiff fail to seek out the facts supporting a cause of action, it can fairly be said that the Plaintiff has inexcusably slept on his rights.

*Id*. (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49 550 A.2d 1155, 1163 (1988)(citations omitted)). The discovery rule does not toll the statute of limitations in this lawsuit. At all times since the execution of the loan application, Plaintiffs were on inquiry notice of the alleged tortious acts because the very document that is the basis of the alleged fraud and misrepresentations, the loan application, was signed by Plaintiffs on November 20, 2006. At any time after executing the loan application Plaintiffs could have easily discovered that the contents of the application were incorrect. The discovery rule does not permit plaintiffs to simply bury their heads in the sand or turn a blind eye to facts that were readily available to them. Plaintiffs' lack of diligence does not excuse

their late filing and the statute of limitations was not tolled.  Therefore, Plaintiffs' claims

in Counts 3 through 6 must be dismissed as time-barred.

>  **B.**    **Counts 3 through 6 should be dismissed for failure to state a claim for which relief can be granted.**

Plaintiffs' amendments to Counts 3 through 6 are totally irrelevant to the other

factual allegations in Plaintiffs' Complaint and utterly fail to provide a sufficient factual

basis for Plaintiffs' causes of action.  Plaintiffs' amendments to these counts consist of 18

pages that were copied verbatim from three securities lawsuits that have nothing to do

with Plaintiffs' loan.  In summary, the lawsuits that Plaintiffs incorporate into their

Complaint deal primarily with allegations of Bear Stearns' lack of due diligence when

purchasing loans.  It is presumed that Plaintiffs' amendments were added in an attempt to

demonstrate that Wells Fargo and EMC had knowledge that there was an industry pattern

of fraud on stated income loans and that EMC's and Well's Fargo's purchase of loans

somehow provided funding to First Residential which facilitated First Residential's

allegedly fraudulent acts.  However, even if true, Plaintiffs' amendments do not cure its

deficient pleading because the allegations are not supported by a sufficient factual basis

and still fail to allege that Wells Fargo or EMC had any interaction with Plaintiffs or

involvement with Plaintiffs' loan application.

>  **1.**    **Plaintiffs' Claim Under the MCPA Fails as a Matter of Law.**

Count 3 of the Third Amended Complaint is a generic claim against "All

Defendants" for alleged violations of the MCPA.  The factual allegations of this count

allege that the MCPA was violated because Plaintiffs' income and occupation were

intentionally misrepresented on Plaintiffs' mortgage application by a loan officer

employed by First Residential.  *Id.* ¶¶ 16, 22-26, 54A, 54B.

The MCPA holds merchants liable to consumers for "unfair or deceptive trade practices" including "[f]alse, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."  Md. Code Ann., Comm. Law II, § 13-301(1).   Just like the previous two amended complaints, Plaintiffs' Third Amended Complaint does not make any allegations that Wells Fargo or EMC made any representations to Plaintiffs or had any other dealings with Plaintiffs during the mortgage application process.  The only allegations against Wells Fargo and EMC in this count is that they should have known that First Residential was falsifying the stated income on loan applications when it was assigned the loan and that Wells Fargo and EMC provided funding that enabled First Residential to operate.  Third Am. Compl. ¶¶ 54B, 54C.  These allegations are not sufficient to support Plaintiffs' MCPA claim because Wells Fargo and EMC were assigned the loan after the alleged misrepresentations occurred and had no role in the loan application process.  Because the Third Amended Complaint does not allege that Wells Fargo or EMC made any representations to Plaintiffs or engaged in any other deceptive or unfair trade practice, Defendants cannot be held liable under the MCPA and Count 3 should be dismissed with prejudice.

> **2.    Plaintiffs Have Not Properly Plead the Elements of Fraud Against Wells Fargo and EMC.**

To state a claim for fraud, Plaintiffs must allege that 1) Defendants asserted a false representation of a material fact to Plaintiffs; 2) Defendants knew that the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to Defendants; 3) Defendants made the false representation for the purpose of defrauding Plaintiffs; 4)

Plaintiffs relied with justification upon Defendants' misrepresentation; and 5) Plaintiffs suffered damages as a direct result of the reliance upon the misrepresentation. *Hoffman v. Stamper*, 385 Md. 1, 28-31 (2005).

Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud." The purpose of FRCP 9(b) is to (1) ensure that the defendants have sufficient information to formulate a defense by putting it on notice of the conduct complained of, (2) protect defendants from frivolous suits, (3) eliminate fraud actions in which all the facts are learned after discovery, and (4) protect defendants from harm to their goodwill and reputation. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Rule 9 is designed to notify each defendant of his or her purported role in the alleged conduct, and is thus inconsistent with the practice of lumping defendants together in a group. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

In Count 4, wherein Plaintiffs claim that Wells Fargo and EMC defrauded them, Plaintiffs again make allegations against all, unspecified "Defendants", without identifying who – specifically - said what, to whom, and when. *See* Third Am. Compl. ¶¶ 55-60. Regardless, the Third Amended Complaint is completely devoid of allegations of fact showing that Wells Fargo engaged in any wrongful or fraudulent conduct. The basis of Plaintiffs' fraud count is First Residential's alleged misreporting of information on Plaintiffs' mortgage application and alleged misrepresentations made to Plaintiffs regarding the requirements to qualify for a loan. *Id.* ¶ 56. Plaintiffs have not alleged that

Wells Fargo or EMC had any interaction or dealings with Plaintiffs in connection with the Plaintiffs' mortgage application process.  Indeed, the only factual allegation against Wells Fargo and EMC is that they should have been aware that First Residential was falsifying the income stated on the loan applications.  *Id.* ¶ 54B.  Even if this allegation is true, which Wells Fargo and EMC deny, it would not give rise to liability against Wells Fargo and EMC for fraud because Plaintiffs have not plead the required elements of fraud.  Plaintiffs' Third Amended Complaint fails to allege facts to demonstrate that Wells Fargo or EMC <u>knowingly</u> asserted a false representation of a material fact to Plaintiffs, with the <u>intent</u> to defraud Plaintiffs, and upon which Plaintiff justifiably <u>relied</u>, suffering damages as a <u>direct result</u> of the reliance upon the misrepresentation.  *See Harrison*, 176 F.3d at 784.   Plaintiffs' fraud claim against Wells Fargo and EMC is exactly the type of general or conclusory allegation of fraud prohibited by Federal law, and should be dismissed, with prejudice.

> **3.     Plaintiffs Have Not Properly Plead the Elements of Misrepresentation Against Wells Fargo and EMC.**

Count 5 of Plaintiffs' Complaint is titled "Misrepresentation" but the allegations contained in this count are substantially identical to those in Count 4 (Fraud).  *See* Third. Am. Compl. ¶¶ 55-67.  Because Wells Fargo and EMC had no interactions or dealings with Plaintiffs, there are no facts in Plaintiffs' Third Amended Complaint to demonstrate that Wells Fargo or EMC made any misrepresentations to Plaintiffs.  For the reasons more fully set forth in IV.B.2. above, Count 5 should be dismissed with prejudice.

#### 4.      Plaintiffs' Conspiracy Claim Fails as a Matter of Law.

It is well-settled that civil conspiracy, standing alone, is not actionable. *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001); ("A defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort."); *Rabinowitz v. Oates*, 955 F. Supp. 485, 489 (D. Md. 1996) (claim for conspiracy not actionable without a viable claim for the underlying tort); *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 191 (1995) (conspiracy is not recognized as an independent civil cause of action under Maryland law); *Kramer v. Mayor and City Council of Baltimore*, 124 Md. App. 616, 641-42 (1999) ("Civil conspiracy is a parasite tort—it cannot stand alone."). If a plaintiff's other counts against a defendant fail, a civil conspiracy count necessarily fails as well. *Id*. Furthermore, "vague assertions" are not adequate to state a claim for civil conspiracy; rather, a complainant should plead "pointed facts alleging specific acts of conspiracy." *Lloyd v. General Motors Corp.*, 397 Md. 108, 156 (2007).

Plaintiffs have alleged conspiracy against all Defendants and contend that the Defendants "acted in concert and plan to induce plaintiffs to enter into this mortgage transaction…" Third. Am. Compl. ¶ 69.  It is clear that the conspiracy that Plaintiffs allege consists of Plaintiffs being induced to enter into the mortgage transaction.  The alleged conspiracy, therefore, relies upon the wrongful conduct alleged in Counts 3, 4 and 5.  As previously stated, Counts 3 through 5 of Plaintiffs' Third Amended Complaint should be dismissed because they are barred by Maryland's three (3) year statute of limitations and for failure to state a claim.  Without the underlying counts, a civil conspiracy count cannot survive and must be dismissed.  *See Alleco Inc. v. Harry &*

*Jeanette Weinberg Found., Inc.*, 340 Md. 176, 191 (1995).  Furthermore, and in the alternative, even if one or more of the underlying claims is not dismissed as to Wells Fargo and EMC, Plaintiffs have alleged only in the most vague and conclusory fashion that there was "a common design and scheme" between the alleged conspirators to commit the underlying tortious conduct.  Third Am. Compl. ¶ 69.  Plaintiffs have made no assertion as to the nature of the "common design and scheme", the actions taken in furtherance by the individual parties, or alleged any other "pointed facts" or "specific acts of conspiracy" as to Wells Fargo's and EMC's supposed role in the alleged conspiracy. For these reasons, Count 6 should be dismissed with prejudice.

## V.   PLAINTIFFS' AMENDMENTS THAT WERE NOT PERMITTED BY THIS  COURT'S MARCH 30TH ORDER MUST BE STRICKEN.

In their Third Amended Complaint, Plaintiffs added Count 7 for Aiding and Abetting against EMC and Wells Fargo as well as other revisions and additions to paragraphs 6, 7, 28, 80 and 81.  These amendments were not permitted by the Court and must be stricken.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, because Plaintiffs have previously amended their Complaint, Plaintiffs could amend their pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1) and (2). Plaintiffs did not obtain the written consent of the parties in this action or seek leave of court to amend their Complaint.   Therefore, Plaintiffs' amendments to the Third Amended Complaint contained in paragraphs 6, 7, 28, 80 and 81, as well as the entirety of Count 7, must be stricken.   Furthermore, Wells Fargo and EMC do not have any obligation to respond to the improper amendments.

## VI.    ALTERNATIVELY, IF NOT STRICKEN, COUNT 7 MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In Count 7, Plaintiffs contend that Wells Fargo and EMC are liable under a theory of Aiding and Abetting.  Like the previous tort counts, this count is completely devoid of facts demonstrating that Wells Fargo or EMC engaged in any wrongful conduct.

Under Maryland law, in order to successfully plead aiding and abetting, it must be demonstrated that: (1) there is independent tortious conduct by a party, (2) the defendant knew about that party's tortious conduct, and (3) the defendant gave substantial assistance or encouragement to the party to engage in the tortious conduct.  *Alleco Inc. v. Harry & Jeanette Weinberg Found.*, 340 Md. 176, 186, 665 A.2d 1038, 1043 (1990). Even if the court finds that Plaintiffs have sufficiently plead the required independent tort, which Defendants deny, Plaintiffs fail to state a claim against Wells Fargo and EMC.   The underlying toritous conduct plead in the complaint is that First Residential intentionally misstated Plaintiffs' income and occupation on Plaintiffs' mortgage application in November 2006.  Third Am. Cmpl. ¶ 74.  In order to be found liable, Plaintiffs must allege with a sufficient factual basis that: (1) Wells Fargo and EMC had knowledge of First Residential's actions relating to Plaintiffs' loan application; and (2) that Wells Fargo and EMC gave substantial assistance or encouragement to First Residential.  *See Saadeh v. Saadeh*, 150 Md. App. 305, 328, 819 A.2d 1158, 1171 (2003).  Plaintiffs have utterly failed to sufficiently allege either element.  Plaintiffs simply state that "EMC and Wells Fargo purchased loans in 2006 such as Plaintiffs' from First Residential with actual knowledge that First Residential was originating such loans knowing they contained stated-income fraud."  This allegation does not fulfill the first element because Plaintiffs' complaint does not contain facts demonstrating that Wells Fargo and EMC had actual knowledge that (a)

First Residential was falsifying loan applications, or (b) Plaintiffs' loan contained stated-income fraud.  Plaintiffs have also failed to sufficiently allege that Wells Fargo and EMC gave "substantial assistance or encouragement" to First Residential.  The only allegations of "substantial assistance or encouragement" by defendants is that Wells Fargo and EMC purchased loans that they knew were originated by fraud and which somehow funded First Residential's alleged wrongful conduct.  As with the prior counts, there are no facts contained in the Third Amended Complaint to support any of Plaintiffs' conclusory statements.  Specifically, the Complaint contains no facts alleging that Wells Fargo and EMC knew of First Residential's misrepresentations to Plaintiffs or that Wells Fargo and EMC provided funding to First Residential.  Furthermore, even if Plaintiffs' far fetched allegations are true, the alleged conduct of Wells Fargo and EMC is not sufficient to establish "substantial assistance or encouragement."

Therefore, because Plaintiffs have failed to sufficiently allege that Wells Fargo and EMC aided or abetted First Residential's alleged tortious conduct, Count 7 against Wells Fargo and EMC should be dismissed as a matter of law.

## VII.    CONCLUSION

Plaintiffs' claims in Counts 3 through 6 must be dismissed as they are barred by Maryland's statute of limitations and for failure to state a claim.  Additionally, pursuant to Federal Rule of Civil Procedure 15, Count 7 and Plaintiffs' amendments to paragraphs 6, 7, 28, 80 and 81 must be stricken.  Alternatively, if not stricken, Count 7 should be dismissed for failure to state a claim.

Pursuant to Maryland Local Bankruptcy Rule 9013-2, Wells Fargo and EMC do not file a separate Memorandum of Law in support of this Motion and relies solely upon this Motion.

WHEREFORE, for the foregoing reasons, Defendants, Wells Fargo and EMC, respectfully request that this Court dismiss Counts 3 through 6 of Plaintiffs' Third Amended Complaint with prejudice and strike Count 7 and Plaintiffs' amendments to paragraphs 6, 7, 28, 80 and 81.  Alternatively, Count 7 should be dismissed for failure to state a claim.

Dated: April 27, 2011

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Patricia A. Borenstein*
E. Hutchinson Robbins, Jr. (11927)
Derek P. Roussillon (27861)
Patricia A. Borenstein (27668)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
Ph: (410) 727-6464
Fax: (410) 385-3700
erobbins@milesstockbridge.com
droussillon@milesstockbridge.com
pborenstein@milesstockbridge.com


*Attorneys for Defendants,*
*Wells Fargo Bank, NA, as Trustee*
*for Certificate Holders of Bear Stearns*
*Asset Backed Securities I LLC,*
*Asset Backed Certificates, Series 2007-AC2*
*and EMC Mortgage Corporation*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2011, a true and correct copy of the forgoing Motion to Dismiss Counts 3 through 6 of Plaintiffs' Third Amended Complaint and To Strike all other Amendments was sent via electronic filing and/or U.S. Mail, to the following:

Robert Haeger, Esquire
9535 Fern Hollow Way
Gaithersburg, Maryland 20886

Attorney for Plaintiffs

Susan J. Klein, Esquire
233 E. Redwood St.
Baltimore, MD 21202

Attorneys for First Residential Mortgage Services Corp.

Jeffrey A. Barmach
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, Maryland 21404-2289

Attorneys for First American Title Insurance Company

Nancy L. Grigsby
Chapter 13 Trustee
4201 Mitchellville Rd, Ste 401
Bowie, MD 20716

/s/ Patricia A. Borenstein
Patricia A. Borenstein