UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

| | | |
|---|---|---|
| In re: | : | |
| Placido Salazar and<br>Maria N. Salazar | : | Case No. 10-10165-TJC |
| Debtors | : | Chapter 13 |
| Placido Salazar and<br>Maria N. Salazar | : | |
| Plaintiffs | : | |
| vs. | : | Adv. Proc. No. 10-00101-TJC |
| First Residential Mortgage Services Corp., et al. | : | |
| Defendants | : | |

## DEBTOR-PLAINTIFFS' MOTION TO APPROVE LOAN MODIFICATION SETTLEMENT AND COMPROMISE OF CONTROVERSY

Debtor-Plaintiffs, Placido Salazar and Maria N. Salazar ("Debtors"), by their attorney, Robert J. Haeger, hereby move pursuant to Bankruptcy Rule 9019 for approval of a proposed settlement of the captioned controversy with the Defendants, Wells Fargo Bank, NA, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-AC2 Asset-Backed Certificates, Series 2007-AC2, dated as of February 1, 2007 ("Wells Fargo"), JPMorgan Chase Bank, N.A., as transferee of servicing from EMC Mortgage LLC, formerly known as EMC Mortgage Corporation ("Chase"), First Residential Mortgage Services Corp. ("First Residential"), and Third Party Defendant First American Title Insurance Company ("First American"), collectively the "Defendants," and in support thereof state as follows.

1. On January 5, 2010, Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code. On September 14, 2010, an Order was entered approving the Debtor's amended chapter 13 plan ("Plan"). The Plan contains no money to pay Defendant Wells Fargo's $22,901.25 mortgage arrearage claim (Claim 13). Instead, the Plan provides for payment into escrow of Debtors' regular monthly mortgage payments pending resolution of this litigation. Plan § 8C, Doc. 57.

2. On or about November 20, 2006, First Residential extended a mortgage loan to Placido Salazar in the principal amount of $354,400 ("Mortgage Loan"), which is secured by a Refinance Deed of Trust recorded among the land records of Montgomery County, Maryland at Liber 33566, folio 646 ("Refinance DOT") and which is evidenced by, among other things, a Note (the "Note"), HUD-1 Settlement Statement, Federal Truth In Lending Disclosure Statement and other related documents all dated November 20, 2006 (the "Loan Documents"). The Refinance DOT encumbers certain real property owned by Plaintiffs with an address of 604 Eldrid Drive, Silver Spring, Maryland (the "Property"), which is more particularly described in the Refinance DOT . The Mortgage Loan was subsequently assigned to Wells Fargo.

3. On March 25, 2010, Defendant Wells Fargo filed in the Debtors' bankruptcy case a Proof of Claim (Claim 13) secured by the Property for the total sum of $382,820.09, including $22,901.25 in arrears (the "Claim"). On February 17, 2010, Plaintiffs filed the captioned adversary proceeding by filing a complaint and an objection to the Claim (the "Litigation"). Debtors' Third Amended Complaint contains eight causes of action alleging violations of the Truth in Lending Act (TILA), Real Estate Settlement Procedures Act, and Maryland Consumer Protection Act, and Fraud, Civil Conspiracy, Aiding and Abetting, and an objection to the Claim.

These claims are based mainly on problems that allegedly occurred when the mortgage was originated, and involve a defective Truth in Lending Disclosure Statement, and Debtors' stated income that was allegedly falsified by the loan originator in Placido Salazar's mortgage application. Debtors sought damages, attorneys fees, and mortgage rescission under TILA, but the Court dismissed the TILA count on statute of limitations grounds to the extent rescission and affirmative relief was sought (Doc. 75), with leave to amend in the event the basis for its decision was subsequently reversed, which occurred on May 3, 2012 by the U.S. Court of Appeals for the Fourth Circuit's decision in *Gilbert v. Residential Funding LLC*, 678 F.3d 271 (4th Cir., 2012). If the TILA claims were taken to trial and Debtors prevailed, they would be entitled to the return of all finance charges and closing costs paid plus statutory damages and attorney's fees, but they would be required to return the balance of the money borrowed either immediately or over time if the Court equitably modified the mortgage. Debtors' non-TILA counts primarily sought damages measured by the difference between the 2.375% minimum interest rate on Debtors' prior mortgage loan and the 7.11% rate on the subject mortgage.

   4. Prior to hearing Defendants' third Motion to Dismiss (Docs. 84-85), the Court granted the parties' request to stay this matter while they sought to settle it.

   5. The terms of the proposed settlement agreement ("Settlement Agreement"), a copy of which is attached hereto as **EXHIBIT 1**, are as follows:

    (a) Plaintiffs, and Defendants JPMorgan Chase Bank, N.A. and Wells Fargo Bank, N.A., as Trustee, have agreed to a loan modification whereby Placido Salazar's mortgage loan is modified to include a New Principal Balance of $449,125.97, conditionally reduces the New Principal Balance by $213,375.97 over three years provided Placido Salazar timely makes

his new regular monthly mortgage payments, reduces the interest rate from 7.11% to 5% per annum, immediately defers interest on $237,875.97 of the New Principal Balance, lowers monthly principal and interest payments to $1,018.64 from $2,132.54 interest only, establishes a new monthly escrow payment for property taxes and hazard insurance of $365.21 (which sum includes the cure of an escrow shortage of $3,130.40 over 5 years), and creates a balloon payment of $157,096.49 due at maturity on December 1, 2036. The balloon payment can be avoided by making an additional monthly principal payment of $233.37.

   (b) Plaintiffs established an escrow account with their attorney, Robert J. Haeger, under their confirmed Chapter 13 Plan (Docs. 57-58) into which they paid their regular monthly mortgage payment while this litigation was pending, which has a balance of $58,858.60, and which will be devoted to paying Plaintiffs' attorney's fees and costs. Mr. Haeger will be filing an application with the Court for approval of his fees and costs.

   (c) The Plaintiffs and Defendants release each other from all claims arising out of the events that gave rise to this Adversary Proceeding, whether such claims or causes of action were asserted in the Adversary Proceeding or could have been asserted in the Adversary Proceeding, up to and including the date of the execution of the Settlement Agreement, and have agreed to dismiss this Adversary Proceeding with prejudice upon Court approval of this settlement.

  6. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that a court may approve a compromise or settlement upon a motion filed by the chapter 13 debtor. The standard for court review of a motion to compromise was succinctly stated by Judge Harvey in

the case of *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 269 B. R. 139, 149-150 (D. Md. 2001).

> In *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 20 L. Ed. 2d 1, 88 S. Ct. 1157 (1968) ("TMT"), the Supreme Court discussed the standards to be applied by a bankruptcy court in considering whether to approve a settlement in a bankruptcy case. The Supreme Court stated that the bankruptcy court should
>
>> apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.
>
> Under TMT, the following factors must therefore be considered by a court which has been asked to approve a settlement:
>
>> (a) the probability of success in litigation;
>> (b) the difficulties, if any, to be encountered in the matter of collection;
>> (c) the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and
>> (d) the paramount interest of the creditors and a proper deference to their reasonable views.
>
> *See Jackson Brewing Co. v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 605, 607 (5th Cir. 1980); *Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.),* 730 F.2d 1128, 1135 (8th Cir. 1984).
>
> Settlements are to be encouraged, and it should not be the intention of a court to discourage settlements. *In re Smith,* 210 B.R. 689, 692 (Bankr. D. Md. 1997); *In re New York, New Haven and Hartford Railroad Co.*, 632 F.2d 955, 959-60 (2d Cir. 1980). A court may approve a settlement over objections unless the proposed settlement falls below the "lowest point of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608, 613 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983); *In re Bowman*, 181 B. R. 836, 846 (Bankr. D. Md. 1995). A settlement should be approved if it provides for "the best possible realization upon the available assets. . .without undue waste or needless or fruitless litigation." *In re Bowman*, 181 B. R. at 847 (*citing In re Central Ice Cream*, 59 B. R. 476, 487 (Bankr. N.D. Ill. 1985)).

*United States ex rel. Rahman v. Oncology Assocs., P.C.*, *supra*, 269 B. R. at 149-150.

7. Applying those principals to the case at bar, the Debtors believe the settlement is reasonable and represents a greater recovery for the estate than the Debtors might receive if this matter were taken to trial, since the loan modification reduces principal by $213,375.97, reduces interest by 2.11% per annum, lowers Debtors' monthly mortgage payment by more than 50%, cures the substantial mortgage default, achieves Debtors' primary goal of obtaining an affordable mortgage so they can keep their home, and *de facto* pays Debtors' attorney's fees and costs.

8. Notice of this motion has been provided to all creditors and other parties in interest.

9. The Debtors state, pursuant to Local Rule 9013-2 of the United States Bankruptcy Court for the District of Maryland, that they will not be filing a separate memorandum of law.

WHEREFORE, Plaintiffs requests that this Court enter an Order approving the settlement with the captioned Defendants under the terms set forth herein.

Respectfully submitted,
*/s/ Robert J. Haeger, November 28, 2007*
Robert J. Haeger, Bar No. 25434
Attorney for Debtor-Plaintiffs
11403 Seneca Forest Circle
Germantown, MD 20876
(888) 463-3520; www.haegerlaw.com
Board Certified - Consumer Bankruptcy Law
– American Board of Certification

CERTIFICATE OF SERVICE

To the extent the following persons were not served by the ECF System, I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, on March 28, 2013, to all parties in interest in this Adversary Proceeding.

*/s/ Robert J. Haeger, March 28, 2013*
Robert J. Haeger