EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement And Release of Claims (the "Agreement"), by and between Plaintiffs, Placido Salazar and Maria N. Salazar ("Plaintiffs" or "Salazars"), and Defendants Wells Fargo Bank, NA, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-AC2 Asset-Backed Certificates, Series 2007-AC2, dated as of February 1, 2007 ("Wells Fargo"), JPMorgan Chase Bank, N.A., as transferee of servicing from EMC Mortgage LLC, formerly known as EMC Mortgage Corporation ("Chase"), First Residential Mortgage Services Corp. ("First Residential"), and Third Party Defendant First American Title Insurance Company ("First American"), collectively the "Defendants," is made as of January 31, 2013, by all of the parties hereto (the "Parties").

## RECITALS

A.   On or about November 20, 2006, First Residential extended a mortgage loan to Placido Salazar in the principal amount of $354,400 ("Mortgage Loan"), which is secured by a Refinance Deed of Trust recorded among the land records of Montgomery County, Maryland at Liber 33566, folio 646 ("Refinance DOT") and which is evidenced by, among other things, a Note (the "Note"), HUD-1 Settlement Statement, Federal Truth In Lending Disclosure Statement and other related documents all dated November 20, 2006 (the "Loan Documents").   The Refinance DOT encumbers certain real property owned by Plaintiffs with an address of 604 Eldrid Drive, Silver Spring, Maryland (the "Property"), which is more particularly described in the Refinance DOT . The Mortgage Loan was subsequently assigned to Wells Fargo.

B.   On or about January 5, 2010, Plaintiffs filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code, Case No. 10-10165 ("Bankruptcy Action") and on or about February 17, 2010, Plaintiffs filed an Adversary Proceeding in the United States Bankruptcy Court for the District of Maryland, Adv. Proc. No. 10-101 (the "Adversary Proceeding"), asserting claims for violations of the Truth in

EXHIBIT 1

Lending Act, violations of the Real Estate Settlement Procedures Act, violations of the Maryland Consumer Protection Act, fraud, misrepresentation, civil conspiracy and objection to claim..

    C.    The Mortgage Loan is currently serviced by Chase, as agent for Wells Fargo. Placido Salazar and Chase entered into a Home Affordable Modification Agreement modifying the Mortgage Loan effective September 1, 2012 (the "HAMP Modification"), a true and correct copy of which is attached hereto as Exhibit A.

    D.    The Parties wish to resolve all claims between the Parties related to the Mortgage Loan and all claims asserted in the Adversary Proceeding.   The Parties will dismiss the Adversary Proceeding with prejudice.

NOW THEREFORE, in consideration of the foregoing recitals, which the Parties agree are true and correct, the promises, terms and conditions set forth herein, and other good and valued consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**AGREEMENT**

    1.    Wells Fargo acknowledges and ratifies the HAMP Modification as a permanent modification of the Mortgage Loan. Additional fees or charges will not be assessed for any matter arising out of or related to the HAMP Modification, Adversary Proceeding, or the Bankruptcy Action, unless such fee or charge is expressly provided for in a written contract.

    2.    Plaintiffs will file a motion with the Bankruptcy Court for approval of this settlement, with notice served on all parties in interest in the Bankruptcy Action. Such action shall be taken within 10 days after this Agreement is executed by all Parties.

    3.    Upon approval of this Agreement by the Bankruptcy Court, this Adversary Proceeding will be dismissed with prejudice.

EXHIBIT 1

4. The Bankruptcy Court will retain jurisdiction of the case for any enforcement action under this Agreement both pre and post-discharge. The Parties hereby agree that they will not contest the jurisdiction of the Bankruptcy Court for the District of Maryland to resolve future disputes between the Parties related to any matters or things arising out of Plaintiffs' Chapter 13 case or this Agreement.

5. In consideration of the promises contained in this Agreement, Plaintiffs, Wells Fargo, Chase, First Residential and First American, on behalf of themselves, their heirs, successors and assigns, hereby remise, release, acquit, and forever discharge each other, as well as their officers, directors, employees, agents, assigns, affiliates, predecessors in interest, and successors in interest, of and from any and all liability, obligation, claims, actions, causes of action, demands, damages, punitive damages, treble damages, statutory penalties, stay violations, costs, attorney's fees, and/or expenses whatsoever arising out of the events that gave rise to the Adversary Proceeding, whether such claims or causes of action were asserted in the Adversary Proceeding or could have been asserted in the Adversary Proceeding, up to and including the date of the execution of this Agreement, provided, however, that nothing in this release shall affect Placido Salazar's obligation to repay the Mortgage Loan, to which obligation Placido Salazar agrees to be bound and expressly affirms, or the rights under the Note and Refinance DOT to pursue foreclosure, acquire title to the Property through foreclosure, or receive foreclosure or insurance proceeds in connection with the Property if such action is authorized under the Note and Refinance DOT. The Parties agree that said release shall not apply to any claims arising under this Agreement or to any matters and things arising after the date of this Agreement.

6. The Parties agree that this Agreement constitutes a settlement of disputed claims, and that nothing stated herein shall constitute an admission of liability on the part of any party, such liability being expressly denied.

7. This Agreement constitutes the entire agreement between the Parties, and shall inure to the benefit of the predecessors, successors, heirs and assigns of each. The Parties further state that they have carefully read the foregoing, understand the contents thereof, and each have been independently represented by counsel in entering this Agreement. No tax advice has been offered or given by either party in the course of these negotiations, and each party is relying upon the advice of his, her, or its own tax consultant with regard to any tax consequences which may arise as a result of the execution of this Agreement.

8. The Parties authorize and direct counsel to file a Stipulation of Dismissal with Prejudice of the Adversary Proceeding upon the terms hereof.

9. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, intending to be bound to the terms and conditions set forth herein, the Parties have hereunto set their hands, and executed this Agreement under seal, effective January 31, 2013, set forth below:

***WARNING:***
***THIS IS AN IMPORTANT LEGAL DOCUMENT AND YOU
MUST READ THE ENTIRE DOCUMENT BEFORE SIGNING.***

WITNESS:       PLACIDO SALAZAR:

ELHAM Y KHOURY
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
My Commission Expires 06-24-2013

By: _____ [SEAL]

2-20-2013

WITNESS:       MARIA N. SALAZAR:

ELHAM Y KHOURY
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
My Commission Expires 06-24-2013

By: _____ [SEAL]

2-20-2013

4

STATE OF MARYLAND            )
                             ) to-wit:
COUNTY/CITY OF Prince George )

    I HEREBY CERTIFY that on this 20th day of February, 2013, before me, the subscriber, a Notary Public in and for the State of Maryland, personally appeared PLACIDO SALAZAR, and he made oath in due form of law that he executed the foregoing Agreement as his free act and deed, intending to be bound, and that the matters and facts set forth therein are true and correct.

WITNESS my hand and Notarial Seal.

_____
Notary Public

My commission expires:

ELHAM Y KHOURY
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
My Commision Expires 06-24-2013

STATE OF MARYLAND            )
                             ) to-wit:
COUNTY/CITY OF Prince George )

    I HEREBY CERTIFY that on this 20th day of February, 2013, before me, the subscriber, a Notary Public in and for the State of Maryland, personally appeared MARIA N. SALAZAR, and she made oath in due form of law that she executed the foregoing Agreement as her free act and deed, intending to be bound, and that the matters and facts set forth therein are true and correct.

ELHAM Y KHOURY
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
My Commision Expires 06-24-2013

WITNESS my hand and Notarial Seal.

_____
Notary Public

My commission expires:

6

EXHIBIT 1

ATTEST:	JPMorgan Chase Bank, N.A., Attorney in Fact for Wells Fargo Bank, NA, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-AC2 Asset-Backed Certificates, Series 2007-AC2, dated as of February 1, 2007:

*Kimberly Gonzalez*
Kimberly Gonzalez

By: *Resa Garza* [SEAL]
Name: RESA GARZA
Title: Assistant Secretary

ATTEST:	JPMorgan Chase Bank, N.A.

*Kimberly Gonzalez*
Kimberly Gonzalez

By: *Resa Garza* [SEAL]
Name: RESA GARZA
Title: Assistant Secretary

ATTEST:	First Residential Mortgage Services Corp.

_____

By:_____[SEAL]
Name:_____
Title:_____

ATTEST:	First American Title Insurance Company

_____

By:_____[SEAL]
Name:_____
Title:_____

5

EXHIBIT 1

ATTEST:                         JPMorgan Chase Bank, N.A., Attorney in Fact for Wells
                                Fargo Bank, NA, as Trustee for Bear Stearns Asset Backed
                                Securities I Trust 2007-AC2 Asset-Backed Certificates,
                                Series 2007-AC2, dated as of February 1, 2007:

_____       By:_____[SEAL]
                                Name:_____
                                Title: _____


ATTEST:                         JPMorgan Chase Bank, N.A.

_____       By:_____[SEAL]
                                Name:_____
                                Title: _____


ATTEST:                         First Residential Mortgage Services Corp.

_/s/_____       By: _/s/_____[SEAL]
                                Name: __Marie M. Chaux_____
                                Title: __President_____


ATTEST:                         First American Title Insurance Company

_____       By:_____[SEAL]
                                Name:_____
                                Title: _____

5

| ATTEST: | JPMorgan Chase Bank, N.A., Attorney in Fact for Wells Fargo Bank, NA, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-AC2 Asset-Backed Certificates, Series 2007-AC2, dated as of February 1, 2007: |
|---|---|
| _____ | By:_____[SEAL]<br>Name:_____<br>Title: _____ |
| ATTEST: | JPMorgan Chase Bank, N.A. |
| _____ | By:_____[SEAL]<br>Name:_____<br>Title: _____ |
| ATTEST: | First Residential Mortgage Services Corp. |
| _____ | By:_____[SEAL]<br>Name:_____<br>Title: _____ |
| ATTEST:<br><br>*/s/ J Paul Megan/* | First American Title Insurance Company<br><br>By: */s/ John F Kaufman/* [SEAL]<br>Name: John F Kaufman<br>Title: Vice President |

5

EXHIBIT 1

# EXHIBIT A
Home Affordable Modification Agreement

EXHIBIT 1

Loan Number    1023911451

# HOME AFFORDABLE MODIFICATION AGREEMENT

MIN: 100234400000169852

Borrower ("I"):[1] **PLACIDO SALAZAR**
Lender or Servicer ("Lender"): **JPMORGAN CHASE BANK, N.A.**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**NOVEMBER 20, 2006**
Loan Number: **1023911451**
Property Address ("Property"): **604 ELDRID DRIVE, SILVER SPRING, MARYLAND 20904**

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B.  One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D.  I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011    ver. 07_19_2012_11_00_36

(page 1 of 8 pages)

Loan Number    1023911451

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
G.  I have made or will make all payments required under a trial period plan.
H.  If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and
   B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **SEPTEMBER 01, 2012** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **SEPTEMBER 01, 2012.**

   A.  The Maturity Date will be: **DECEMBER 01, 2036.**

   B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$449,125.97** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C.  $237,875.97 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and will be treated as a non-interest bearing principal forbearance. I will not pay interest or make monthly payments on the Deferred Principal Balance. In addition, $213,375.97 of the Deferred Principal Balance is eligible for forgiveness (the "Deferred Principal Reduction Amount"). Provided I am not in default on my new payments such that the equivalent of three full monthly payments are due and unpaid on the last day of any month, on each of the first, second and third anniversaries of **JUNE 01, 2012**, the Lender shall reduce the Deferred Principal Balance of my Note in installments equal to one-third of the Deferred Principal Reduction Amount. Application of the Deferred Principal Reduction Amount will not result in a new payment schedule. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal

HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011   ver. 07_19_2012_11_00_36



Loan Number    1023911451

Balance" and this amount is **$211,250.00**. Interest at the rate of **5.000%** will begin to accrue on the Interest Bearing Principal Balance as of **AUGUST 01, 2012** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **SEPTEMBER 01, 2012**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-24 | 5.000% | 08/01/2012 | $1,018.64 | $365.21 May adjust periodically | $1,383.85 May adjust periodically | 09/01/2012 | 292 |

Notwithstanding the foregoing schedule, I agree that unless sooner paid, I will have a final balloon payment in the amount of **$157,096.49** due and payable on the New Maturity Date.

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

I further understand that, provided I am not in default under the terms of this Agreement and I pay my Note in full (i) any time more than 30 calendar days after the Modification Effective Date, and (ii) prior to the application of the entire Deferred Principal Reduction Amount, I shall be fully vested in and entitled to the unapplied amount of the Deferred Principal Reduction Amount and the unapplied amount shall be deducted from my payoff balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance less any Deferred Principal Reduction Amount to which I am entitled, and any other amounts still owed under the

HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011    ver. 07_19_2012_11_00_36
(page 3 of 8 pages)



Loan Number 1023911451

Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. Intentionally Deleted.

   E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

   H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

Loan Number    1023911451

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective document, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the

HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011    ver. 07_19_2012_11_00_36

(page 5 of 8 pages)

EXHIBIT 1

Loan Number 1023911451

Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

EXHIBIT 1

Loan Number    1023911451

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And PLACIDO SALAZAR, LOAN NUMBER 1023911451 WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2012

In Witness Whereof, the Borrower(s) have executed this agreement.

_____    Date: 08/26/2012
Borrower - PLACIDO SALAZAR

HOME AFFORDABLE MODIFICATION AGREEMENT with PRA 09-15-2011    ver. 07_19_2012_11_00_36

(page 7 of 8 pages)

EXHIBIT 1

Loan Number   1023911451

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And PLACIDO SALAZAR, LOAN NUMBER 1023911451 WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2012

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A.**

By: _[signature]_
Date: 9-7-12

Brenda Nevarez-quiroga
Vice President

Mortgage Electronic Registration Systems, Inc.

By: _[signature]_ Alice Samora
Date: 9-7-12

**Alice Samora**
Vice President